IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **WAYNE CARROLL** | * | |
| | * | |
| **Plaintiff,** | * | |
| | | |
| **v.** | * | **Case No.: PWG-18-2229** |
| | | |
| **MORAN FOODS, LLC,** *et al.* | * | |
| | | |
| | * | |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

After suffering injuries when he slipped and fell in a Save-A-Lot grocery store, Plaintiff Wayne Carroll filed a premises liability suit against Defendants Moran Foods, LLC ("Moran Foods") and Save, LLC, as the owners and operators of the grocery store. Compl., ECF No. 1-2. He listed a Missouri address for Moran Foods and a Maryland address for Save, LLC. *Id.* at 1. Moran Foods nonetheless removed the case from the Circuit Court for Prince George's County to this Court, based on diversity jurisdiction. ECF Nos. 1, 1-1. According to Moran Foods, although Carroll, a Maryland resident, "named Save, LLC as a Defendant . . . [t]he proper Defendant to be named for the allegations asserted in Plaintiff's Complaint is Moran Foods, LLC d/b/a Save-A-Lot, Ltd.," which "maintained its principal place of business in Minnesota, and is incorporated in the State of Delaware." Pet. for Removal ¶¶ 2, 6–7; *see also id.* at 1 (stating that it was "incorrectly named as Save, LLC"); Stmt. Concerning Removal ¶ 5, ECF No. 8 ("There are no other Defendants in this matter.").

Carroll filed an Opposition to Defendant's Petition for Removal, asking this Court to remand the case to state court for lack of jurisdiction, because "Save, LLC has its principal place of business in Maryland," such that the parties were not diverse. ECF No. 11. Moran Foods did not respond to Carroll's filing but, within a week of Carroll's Opposition, the parties filed a Stipulation of Dismissal of Defendant Save, LLC only. Stip. of Dismissal, ECF No. 13. Because Carroll's voluntary dismissal of Save, LLC cured this Court's initial lack of jurisdiction, I will not remand this case to state court.[1]

## Discussion

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ."[2] 28 U.S.C. § 1332(a). When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Jurisdiction 'depends upon the state of things at the time . . . the action [is] brought.'" *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 723 (D. Md. 2017) (quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 22 U.S. 537 (1824))).

At the time Moran Foods removed this case from state court, there were two defendants, one of which was a Maryland resident. *See* Compl. 1. And, although Moran Foods insisted that it was the only proper defendant, it did not assert fraudulent joinder. *See Giannasca v. Bank of*

---

[1] Although Carroll did not file a motion to remand, the Federal Rules of Civil Procedure obligate this Court to assure itself of its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

[2] Carroll claimed damages in excess of $75,000. Compl. 6. While federal courts also have federal question jurisdiction, *see* 28 U.S.C. § 1331, Carroll did not present a federal question.

*Am.*, No. ELH-17-2100, 2018 WL 6046814, at *7 (D. Md. Nov. 19, 2018) (noting that fraudulent joinder is "an exception to complete diversity" which "prevents a plaintiff from including or adding a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction" and that, to invoke diversity jurisdiction when there is not complete diversity, a defendant must meet the heavy burden of showing fraud or "that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court"). Thus, when Moran Foods removed this case, there was not complete diversity, and therefore this Court lacked subject matter jurisdiction. 28 U.S.C. § 1332(a).

But, Carroll voluntarily dismissed Save, LLC, the non-diverse defendant, one month after removal. Stip. of Dismissal. Notably, had Carroll's voluntarily dismissal of Save, LLC preceded Moran Foods' removal of the case, then the removal would have been proper and this Court would have had diversity jurisdiction at the time of removal. *See Pittman v. Quest Diagnostics, Inc.*, No. ELH-15-3093, 2016 WL 540673, at *4 (D. Md. Feb. 11, 2016) ("[D]ismissal of non-diverse parties is an occurrence 'from which it may first be ascertained that the case is one which is or has become removable . . . .'" (quoting 28 U.S.C. § 1446(b)(3)); 14C Wright & Miller, *Fed. Prac. & Proc.* § 3731 ("[A] change in the parties to the state court action through the plaintiff's voluntary dismissal of those defendants whose presence destroyed complete diversity of citizenship may make a previously unremovable action removable."). Thus, it appears wasteful and inefficient to remand this now-removable action to state court, where Moran Foods could remove it again to this Court, now that diversity jurisdiction exists. *See* 28 U.S.C. § 1446(b)(3).

Moreover, other circuits,[3] construing Supreme Court precedent, have held that "even in a diversity jurisdiction case, the lack of jurisdiction can be cured when the reason for the lack of diversity was the existence of a non-diverse party at the time the case first reached the district court," such as "when the non-diverse party is dismissed in federal court." *See 16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 555–56 (5th Cir. 2018) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996); *see also Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) ("[I]f a jurisdictional defect exists at some time prior to a district court's entry of judgment, the court's judgment is still valid if the jurisdictional defect is cured before final judgment is entered.") (citing *Caterpillar*, 519 U.S. 61); *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011) (considering "whether diversity jurisdiction would have existed if the case had been filed in the posture it had at the time summary judgment was granted" because "'when there is no appeal of a denial of a remand motion . . . the issue on appeal is whether the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment'" (quoting *Carpenters Health & Welfare Tr. Fund v. Tri Capital Corp.,* 25 F.3d 849, 852 (9th Cir. 1994)).

> In *16 Front Street*, the Fifth Circuit considering *Caterpillar*, 519 U.S. 61, observed:
>
> It was undisputed in *Caterpillar* that at the time the suit was removed from state court to federal court, complete diversity of citizenship did not exist, and the district court had clearly erred in denying the motion to remand. But, as the suit progressed in federal court, the non-diverse party was dismissed after a settlement was reached between that party and the plaintiff. By the time of trial and judgment, it was undisputed that "there was . . . complete diversity." The Supreme Court held that the federal district court had subject matter jurisdiction to try the case and render judgment.

---

[3] I have not found any Fourth Circuit opinion addressing whether this Court has diversity jurisdiction in a seemingly-improperly removed case after a plaintiff voluntarily dismisses its claims against any non-diverse defendants.

*16 Front St.*, 886 F.3d at 555 (citations to *Caterpillar* omitted); *see also Brown*, 654 F.3d at 357 ("While it is true that 'the existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal,' the 'critical issue' is whether there was complete diversity at any time before the entry of judgment." (quoting *Hallingby v. Hallingby,* 574 F.3d 51, 56 (2d Cir. 2009))).  The Fifth Circuit concluded:

> The Court's decision in *Caterpillar* stands for the proposition that even in a diversity jurisdiction case, the lack of jurisdiction can be cured when the reason for the lack of diversity was the existence of a non-diverse party at the time the case first reached the district court. The lack of jurisdiction can be cured when the non-diverse party is dismissed in federal court.

*Id*. at 556.  The Fifth Circuit reasoned that the Supreme Court later "explained in *Grupo Dataflux* that '*Caterpillar* broke no new ground, because the jurisdictional defect it addressed had been cured by the dismissal of the party that had destroyed diversity,'" and "'[t]hat method of curing a jurisdictional defect had long been an exception to the time-of-filing rule.'" *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 560, 572 (2004)).  And, "[i]n *Grupo Dataflux*, the Court emphasized that in *Caterpillar*, '[the] Court unanimously held that the lack of complete diversity at the time of removal did not require dismissal of the case.'"  *Id.* (quoting *Grupo Dataflux*, 541 U.S. at 573).  Indeed, the Supreme Court stated in *Grupo Dataflux* that "[t]he 'crux of the analysis in *Caterpillar*' . . . 'related not to cure of the *jurisdictional* defect, but to cure of a *statutory* defect, namely, failure to comply with the requirement of the removal statute . . . that there be complete diversity at the time of removal.'"  *Id.* (quoting *Grupo Dataflux*, 541 U.S. at 574).

Accordingly, given that Carroll voluntarily dismissed the non-diverse defendant, resulting in complete diversity between the parties, this Court has subject matter jurisdiction.  *See Caterpillar*, 519 U.S. at 77; *16 Front St.*, 886 F.3d at 555–56; *Brown*, 654 F.3d at 356; *Dep't of*

*Fair Employment*, 642 F.3d at 736. Carroll's request to remand is denied.  I will issue a revised

scheduling order in this case, as I informed the parties on the Rule 16 conference call that I would

informally stay discovery.

## **ORDER**

For the reasons stated in this Memorandum Opinion, it is, this 10th day of <u>December</u>, <u>2018</u>,

hereby ORDERED that Carroll's request to remand, ECF No. 11, IS DENIED.

_____/S/_____

Paul W. Grimm
United States District Judge
